UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MARIE ROGERS, | No.  2:14-cv-1133 MCE DAD PS |
| Plaintiff, | |
| v. | |
| ORGANON USA, INC., et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

This matter came before the court on June 20, 2014, for hearing of defendants' Motions to Dismiss plaintiff Donna Marie Rogers' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff Donna Marie Rogers, proceeding pro se in this action, appeared on her own behalf.  Attorney Sandra Edwards appeared on behalf of Defendant Novartis Pharmaceuticals Corp. ("NPC").  Appearing telephonically at the hearing were attorney Steven James Boranian on behalf of Defendant Organon USA, Inc. ("Organon"), attorney Alex Beroukhim on behalf of defendant Bristol-Myers Squibb Co ("BMS"), attorney Nicole Chiara Edwards on behalf of defendant Sunovion Pharmaceuticals, Inc. ("Sunovion"), and attorney Adam B. Michaels on behalf of defendant Eli Lilly and Co. ("Lilly").  After hearing oral argument, the motions were taken under submission.

/////

/////

1

1      Upon consideration of the arguments on file and at the hearing, and for the reasons set

2   forth below, the undersigned will recommend that defendants' motions be granted and plaintiff's

3   complaint be dismissed without leave to amend.

4                                        BACKGROUND

5      Plaintiff commenced this action on April 7, 2014 by filing a complaint in the Nevada

6   County Superior Court.  (Dkt. No. 1-1.)  Therein, Plaintiff appears to allege causes of action for

7   products liability and general negligence against the named defendants, all of which are

8   pharmaceutical manufacturers.  (Dkt. No. 1-1 at 2-5.)[1]

9      On May 14, 2014, defendants Organon, NPC, and BMS filed motions to dismiss pursuant

10  to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. Nos. 11; 15 & 19.)  That same

11  day, defendant Sunovion filed a notice of joinder to defendant BMS's Motion to Dismiss.  (Dkt.

12  No. 22.)  On May 15, 2014, defendant Lilly filed a Rule 12(b)(6) motion to dismiss.  (Dkt. No.

13  23.)  Defendants served plaintiff with notice of the motions.  (Dkt. Nos. 11-2 at 2-3; 15 at 3; 19-3

14  at 2 & 27.)  However, plaintiff did not file a written opposition or a statement of non-opposition

15  as required.[2]

16     On June 13, 2014, defendant NPC filed a notice of plaintiff's failure to file an opposition.

17  (Dkt. No. 37.)  On that same day, defendants BMS, Organon, and Lilly filed replies to plaintiff's

18  /////

19

20  [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
    system and not to page numbers assigned by the parties.

21

22  [2]  Neither the Federal Rules of Civil Procedure nor this court's Local Rules require the court to
    hear a party's oral argument in opposition to a motion if opposition to the motion was not timely

23  filed by that party.  L.R. 230(c); see Fed. R. Civ. P. 78.  Additionally, pursuant to the Local Rules,
    the court may grant a motion to dismiss due to a plaintiff's failure to file an opposition.  L.R.

24  230(c) (providing that opposition to the granting of a motion must be filed fourteen days
    preceding the noticed hearing date); L.R. 110 (providing that failure to comply with the Local

25  Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute
    or Rule or within the inherent power of the Court"); see also Ghazali v. Moran, 46 F.3d 52, 53-54

26  (9th Cir. 1995) (affirming grant of motion to dismiss pro se litigant's claims for failure to oppose
    the motion); United States v. Warren, 601 F.2d 471 (9th Cir. 1979).  Nonetheless, upon hearing

27  no objection from defendants and in light of plaintiff's pro per status, the Court allowed plaintiff
    to argue in opposition to the pending motions at the hearing.

28

                                              2

1   non-opposition.  (Dkt. Nos. 38; 39 & 42.)  Also on June 13, 2014, defendant Sunovion filed a

2   notice of joinder to defendant BMS's Reply.  (Dkt. No. 41.)

3                                      STANDARDS

4          The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal

5   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

6   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

7   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

8   F.2d 696, 699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must

9   allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.

10  Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

11  factual content that allows the court to draw the reasonable inference that the defendant is liable

12  for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

13         In determining whether a complaint states a claim on which relief may be granted, the

14  court accepts as true the material allegations in the complaint and construes the allegations in the

15  light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp.

16  Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d

17  1242, 1245 (9th Cir. 1989).  Pro se complaints are held to less stringent standards than formal

18  pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the

19  court need not assume the truth of legal conclusions cast in the form of factual allegations,

20  unreasonable inferences, or unwarranted deductions of fact.  United States ex rel. Chunie v.

21  Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986); Western Mining Council v. Watt, 643 F.2d 618,

22  624 (9th Cir. 1981).  While Rule 8(a) does not require detailed factual allegations, "it demands

23  more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at

24  678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

26  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

27  been alleged."  Associated Gen. Contractors of Cal, Inc. v. Cal. State Council of Carpenters, 459

28  U.S. 519, 526 (1983).

1    In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to

2    consider material that was properly submitted as part of the complaint, documents that are not

3    physically attached to the complaint if their authenticity is not contested and the plaintiff's

4    complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

5    250 F.3d 668, 688-89 (9th Cir. 2001).

6    The minimum requirements for a civil complaint in federal court are as follows:

7
> A pleading which sets forth a claim for relief … shall contain (1) a
8    short and plain statement of the grounds upon which the court's
> jurisdiction depends …, (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief, and (3) a demand for
9    judgment for the relief the pleader seeks.

10   Fed. R. Civ. P. 8(a).

11   Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

12   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

13   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Cmty.

14   Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and

15   conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a

16   complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"

17   Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege overt

18   acts which the defendants engaged in that support the plaintiff's claims with at least some degree

19   of particularity.  Jones, 733 F.2d at 649.

20                                        ANALYSIS

21   Here, plaintiff's complaint fails to satisfy the pleading requirements set forth in Rule 8.  In

22   her form complaint plaintiff merely states that she is suing the five named defendants for

23   "products liability" and "general negligence," identifies five prescription medications,[3] and lists a

24   hodgepodge of alleged injuries, visits to the emergency room, and dental work she allegedly

25

26   [3] The medications identified in plaintiff's complaint are:  (1) Zyprexa®, an "atypical"
     antipsychotic medication, (Dkt. No. 23 at 2); (2) Abilify®, a prescription anti-psychotic
27   medication, (Dkt. No. 13 at 5); (3) Remeron®, a prescription antidepressant, (Dkt. No. 11 at 5);
     (4) Lunesta®, a prescription medication indicated for the treatment of insomnia, (Dkt. No. 22 at
28   2); and (5) Clozaril®, a prescription anti-psychotic medication, (Dkt. No. 19 at 6).

1  received.  However, to adequately put defendants on notice of her claims, plaintiff must allege

2  facts explaining how the named defendants are responsible for her purported damages.  Singleton

3  v. Eli Lilly, Co., No. 1:10-cv-02019-AWI-SKO, 2011 WL 2621067, at *4 (E.D. Cal. Jan. 29,

4  2011).  Here, plaintiff's complaint contains nothing more than disjointed, naked assertions and

5  labels supported by mere conclusory statements.  In sum, plaintiff's complaint is insufficient

6  under Rule 8 for two independent reasons:  (1) it fails to state either cognizable products liability

7  or general negligence claims, and (2) it fails to allege a plausible causal link between the actions

8  of any named defendant and the injuries purportedly suffered by plaintiff.

9      It is also unclear from her complaint what theory plaintiff seeks to base her products

10  liability claim upon.  Under California law, a manufacturer of prescription drugs may only be

11  strictly liable for injuries if its product is either:  (1) defectively manufactured; or (2) distributed

12  without adequate instructions or warnings as to its potential for harm.[4]  Artiglio v. Superior Court,

13  22 Cal. App. 4th 1388, 1392-93 (1994); see also Brown v. Superior Court, 44 Cal. 3d 1049, 1069

14  (1988).  Here, however, plaintiff has failed to allege any facts that would support either of these

15  theories in support of a product liability claim.

16      Although plaintiff mentions the word "defective" in her complaint, she fails to allege

17  therein that any defendant sold or manufactured a defective pharmaceutical product.  Moreover,

18  the complaint does not allege that any of the medications plaintiff lists therein differed from its

19  manufacturer's intended result or had materially significant differences from identical units from

20  the same product line.  Nor does plaintiff's complaint contain any allegations that defendants

21  failed to adequately warn medical professionals regarding the side effects which plaintiff

22  apparently believes she suffered as a result of taking those medications.  Further, plaintiff has not

23  

24  [4]  Generally, a manufacturer may be strictly liable for injuries caused by a product that is
defectively manufactured, distributed without adequate instructions or warnings of its potential
for harm, or defectively designed.  Hufft v. Horowitz, 4 Cal. App. 4th 8, 13 (1992).  However,

25  drug manufacturers cannot be held strictly liable for design defects of prescription medications.
Brown, 44 Cal. 3d at 1069 ("A manufacturer is not strictly liable for injuries caused by a

26  prescription drug so long as the drug was properly prepared and accompanied by warnings of its
dangerous propensities that were either known or reasonably scientifically knowable at the time

27  of distribution."); see also Artiglio, 22 Cal. 4th at 1392-93 (noting this exception to strict

28  products liability).

1    alleged any facts in her complaint regarding who prescribed each of the identified medications for

2    her, how long she took each medication, or why plaintiff believes her alleged symptoms are

3    attributable to her use of each identified medication.  In sum, the allegations of plaintiff's

4    complaint as to any possible products liability claim are vague and conclusory.  Therefore,

5    plaintiff has failed to state a cognizable products liability claim.

6            Plaintiff's complaint is also devoid of any factual allegations supporting the legal

7    conclusion that any "defendant negligently caused the damage to plaintiff."  (Dkt. No. 1-1 at 6.)

8    Following the form complaint's prompt, "By the following acts or omissions to act, defendant[s]

9    negligently caused the damage to plaintiff," plaintiff wrote merely, "I took out my contact lensed

10   [sic] and was screaming in pain for 12 hours."  (Id.)  Also under the form complaint's heading,

11   "description of reasons for liability," plaintiff has alleged only that she suffered a litany of side

12   effects and resulting medical treatment.  (Id. at 6-7.)  That list includes "lips calloused for 2

13   months," "lost 5 teeth," and "5 tooth extractions."  (Id.)  However, none of the purported 'reasons

14   for liability' listed by plaintiff in her complaint include factual allegations even suggesting that

15   the defendants breached any duty of care to plaintiff.  For these reasons, the allegations of

16   plaintiff's complaint also fail to state a cognizable general negligence claim.  See In re Toyota

17   Motor Corp. Unintended Acceleration, Mktg., Sales Practices, & Prods. Liab., 754 F. Supp. 2d

18   1208, 1223 (C.D. Cal. 2010) (stating that in order to state a negligence claim, a plaintiff must

19   allege "duty, breach, and causation, and that the defect in the product was due to the negligence

20   of the defendant"); Carlin v. Superior Court, 13 Cal. 4th 1104, 1112 (1996) (noting that

21   negligence law requires that in a failure-to-warn case a plaintiff must show that a manufacturer

22   "did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e.,

23   what a reasonably prudent manufacturer would have known and warned about").

24           Even if plaintiff had alleged a product defect or breach of duty owed to her, the complaint

25   before the court fails for the independent reason that it does not include any factual allegations

26   /////

27   /////

28   /////

6

1   sufficient to state a plausible basis for causation.[5]  See Knoppel v. St. Jude Med. Inc., SACV 13-

2   383 JVS ANx, 2013 WL 3803612, at *2 (C.D. Cal. May 7, 2013) (granting a motion to dismiss

3   strict liability and negligence claims against a manufacturer while observing that "the [c]omplaint

4   does not describe how any of . . . [manufacturer's products] were defective in a way that caused

5   [plaintiff's] injury").  Here, plaintiff's complaint contains no factual allegations that would even

6   begin to suggest a plausible causal link between defendants' alleged conduct, if any, and

7   plaintiff's purported injuries.  Rather, in her form complaint plaintiff set forth only conclusory

8   statements that her purported damages were "the legal (proximate) result" of defendants'

9   products, and that defendants were the "legal (proximate) cause" of plaintiff's injuries.  The only

10  facts relevant to causation alleged in the complaint, if liberally construed, are that:  (1) defendants

11  either manufactured or sold medications which plaintiff used; and (2) plaintiff suffered various

12  injuries over a sixteen year period.  Without more, plaintiff has failed to allege a plausible basis

13  for causation which is necessary to state either a products liability claim or a negligence claim as

14  explained above.  Therefore, plaintiff has failed to allege facts sufficient to state any cognizable

15  legal claim.

16          For the reasons stated above, defendants' motions to dismiss should be granted.

17                                          LEAVE TO AMEND

18          The undersigned has carefully considered whether Plaintiff could file an amended

19  complaint that states a cognizable claim that would not be subject to dismissal.  "Valid reasons

20  for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California

21  Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); accord

22  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

23

24  _____

    [5] To allege product liability and general negligence claims, a plaintiff must allege a plausible
25  basis for causation.  See In re Toyota Motor, 754 F. Supp. 2d at 1223 (noting that under
    California law, negligence claims require a plaintiff to allege that the defendant's breach of duty
26  was a proximate cause of plaintiff's injury, and clarifying that products liability claims under a
    negligence theory require plaintiff to allege that defendant caused the purported defect in the
27  product); Sparks v. Owens-Illinois, Inc., 32 Cal. App. 4th 461, 472 (1995) (requiring causation
    for a products liability claim); Noble v. Los Angeles Dodgers, 168 Cal. App. 3d 912, 916 (1985)
28  (requiring causation for a negligence claim).

                                                    7

1  (holding that, while leave to amend shall be freely given, the court need not allow futile

2  amendments).

3      The undersigned finds that plaintiff's allegations are "fanciful and fantastic rather than

4  merely unlikely."  Sandoval v. Mercury Insurance, No. 09CV2217-L(JMA), 2009 WL 3413881,

5  at *1-2 (S.D. Cal. Oct. 22, 2009) (dismissing a pro se plaintiff's complaint without leave to

6  amend as frivolous).  Here, for example, plaintiff alleges that "defendant[s] negligently caused

7  the damage to plaintiff" by "2 20 hr stomach aches," "ER visit for 10 teeth in serious pain," and

8  "ER for UTI."  (Dkt. No. 1-1 at 6.)  Moreover, plaintiff prays for punitive damages and

9  compensatory damages in the amount of "$250,000,000.27."  (Dkt. No. 1-1 at 4.)[6]

10     In sum, Plaintiff's Complaint is both legally insufficient under Rule 8 and frivolous.  See

11  Iqbal, 556 U.S. at 679 (noting that a court should "draw on its judicial experience and common

12  sense" to determine whether a claim is plausible); Denton v. Hernandez, 504 U.S. 25, 32-33

13  (1992) (noting that a court may dismiss a claim as frivolous if the alleged facts are "clearly

14  baseless," "fanciful," or "fantastic"); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (noting that a

15  frivolous complaint is one that "lacks an arguable basis either in law or in fact"); Donoghue v.

16  United States, No. C-96-4605 MHP, 1997 WL 33571, at *1 (N.D. Cal. Jan. 21, 1997) (dismissing

17  a complaint as frivolous, reasoning that the complaint does not allege any facts, and that the

18  plaintiff's allegations are "fanciful"); Sandoval v. Bennette, No. 09CV2309-L(RBB), 2009 WL

19  3413881, at *1-2 (S.D. Cal. Oct. 22, 2009) (dismissing pro se plaintiff's complaint without leave

20  to amend, explaining that "[p]laintiff offers a stream-of-consciousness account of fantastic and

21  fanciful [allegations]" and that "[p]laintiff's allegations are fanciful and fantastic rather than

22  merely unlikely").

23     In light of the complaint's obvious deficiencies noted above and the nature of plaintiff's

24  arguments, the undersigned finds that it would be futile to grant plaintiff leave to amend.

25  /////

26  /////

27

28
[6]  The nature of plaintiff's argument at the June 20, 2014 hearing further supports the
undersigned's conclusion that her allegations are fanciful rather than merely unlikely.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendant Organon's May 14, 2014 Motion to Dismiss (Dkt. No. 11) be granted;

2.  Defendant NPC's May 14, 2014 Motion to Dismiss (Dkt. No. 15) be granted;

3.  Defendant BMS's May 14, 2014 Motion to Dismiss (Dkt. No. 19) be granted;

4.  Defendant Lilly's May 15, 2014 Motion to Dismiss (Dkt. No. 23) be granted;

5.  Plaintiff's April 7, 2014 Complaint (Dkt. No. 1-1) be dismissed without leave to amend; and

6.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 4, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:Morgan
Ddad1.pro se.rogers1133F&R

9